**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-08096-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Marcus Luther, | |
| Defendant. | |

Before the Court is Defendant Marcus Luther's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act and Compassionate Release (Doc. 37). For reasons stated below, the Motion is denied. Defendant Luther fails to demonstrate extraordinary and compelling reasons that warrant his immediate release.

A district court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "after considering the factors set forth in [18 U.S.C. § 3553(a)]" and if the court finds that "(i) extraordinary and compelling reasons warrant such a reduction" and "(ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Defendant bears the burden of proving he meets all elements of eligibility for a statutory reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013) (holding that defendant, as the § 3582(c)(2) movant, bears the burden of establishing entitlement to sentencing reduction.). He fails to do so here for the following reasons.

Defendant has contracted and fully recovered from COVID-19 and has been vaccinated for it in prison. The Bureau of Prisons has taken necessary steps to protect inmates' health and stop the spread of COVID-19 in its facilities. In light of such steps, his previous infection, and his subsequent vaccination, Defendant has not set forth any special susceptibility despite such vaccination that would suggest that the possibility of contracting COVID-19 or one of its variants is a sufficiently extraordinary or compelling circumstance that he should qualify for First Step Act relief.

Further, Defendant has claimed, but has not demonstrated, that both of his parents are incapacitated. Defendant has not established that he is the only available caregiver. Even if he had established the incapacity of both parents, the availability of other caregiving options would defeat his request. Further, he provides no reason to believe that aging and disabled parents constitutes an "extraordinary circumstance."

Finally, the facts underlying Defendant's conviction for second degree murder are extremely violent. He has been convicted several times in the past for violent crimes and appears to have a substance abuse problem. As a result, when weighing his request for early release, concerns about protecting the public must predominate, especially in light of his disciplinary record during the term of his incarceration.

For these reasons, Defendant's Motion for Sentence Reduction or for Early Release (Doc. 37), is denied.

Dated this 5th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge